NOT FOR PUBLICATION                                                                                          CLOSED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| PETER FRANCIS WROBLESKI, : | |
| : | Civil Action No. 14-4670 (SRC) |
| Plaintiff, : | |
| : | |
| v. : | **OPINION & ORDER** |
| : | |
| STARWOOD HOTELS AND RESORTS : | |
| WORLDWIDE, INC. et al., : | |
| : | |
| Defendants. : | |

**CHESLER**, District Judge

   This matter comes before the Court upon the motion filed by Defendants Starwood Hotels and Resorts Worldwide, Inc. and The St. Regis Bahia Beach Resort (collectively, "Defendants") to dismiss the Complaint. For the reasons discussed below, the Court will deny Defendants' motion, but transfer the action *sua sponte*.

   This action arises out of an injury that Plaintiff alleges he experienced while staying at a resort owned by Defendants in Puerto Rico. Defendants have moved to dismiss the Complaint on several grounds: 1) the negligence claim is barred by Puerto Rico's relevant statute of limitations; 2) the Court lacks personal jurisdiction over Defendants; and 3) the Complaint should be dismissed under the *forum non conveniens* doctrine. In opposition, Plaintiff challenges each point, but adds that, should this Court find that New Jersey is an inconvenient forum, it should transfer the action under § 1404(a).

The Court agrees with Defendants that Puerto Rico is the appropriate forum for this litigation.  The alleged accident occurred in Puerto Rico; the case may require determinations under the law of Puerto Rico; and, with the exception of Plaintiff, the witnesses and other sources of proof are in Puerto Rico.  Furthermore, Defendants argue that New Jersey lacks personal jurisdiction over Defendants, whereas Puerto Rico does not.  The Court finds, however, that a *sua sponte* transfer, pursuant to 28 U.S.C. § 1404(a), is more just than a dismissal for *forum non conveniens*.

The relevant statute, 28 U.S.C. § 1404(a), states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper." Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir.1995).  The Third Circuit has held that "[s]ection 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum." Lafferty v. St. Riel, 495 F.3d 72, 76–77 (3d Cir. 2007).  The Court may transfer venue on its own motion. Ferens v. John Deere Co., 494 U.S. 516, 530 (1990).

To determine whether, in its discretion, the Court should order a transfer of the action pursuant to § 1404(a), it must balance various private and public interests. Jumara, 55 F.3d at 879.  In Jumara, the Third Circuit provided a list of factors a district court should consider.  The private interest factors are: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the

witnesses (only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (only to the extent that the files could not be produced in the alternative forum).  Id.  The public interest factors are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.  Id. at 879-80.

Based on the Jumara factors, this Court concludes, in its discretion, that a transfer of this action to the District of Puerto Rico, pursuant to 28 U.S.C. § 1404(a), would promote the convenience of the parties and serve the interests of justice.

For these reasons,

**IT IS** on this 6th day of January, 2015

**ORDERED** that Defendants' motion to dismiss the Complaint is **DENIED**; and it is further

**ORDERED** that this case shall be transferred to the United States District Court for the District of Puerto Rico, pursuant to 28 U.S.C. § 1404(a).

  s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

3